UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SUSCA, INC., ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-6402 |
| BURLINGTON INSURANCE COMPANY | * | SECTION "M" (2) |

**ORDER AND REASONS**

Pending before me is a Motion for Leave to File Amended Complaint. ECF No. 35. Defendant filed an Opposition Memorandum. ECF No. 37.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Leave to File Amended Complaint is GRANTED for the reasons stated herein.

## I. BACKGROUND

Plaintiffs filed this Hurricane Ida suit against Burlington Insurance Company seeking contractual and extra-contractual damages in state court under policy number 0006722. ECF No. 1-1. Plaintiffs contend that three buildings were damaged, and that they made claims for damages to all three locations. ECF No. 35-1 at 2. Defendant removed the case to this Court, after which it became subject to the Court's Hurricane Ida Case Management Order ("CMO"). ECF Nos. 1, 4, 16, 20, 30, 31. No Scheduling Order has yet been issued, and there is no trial date.

When Plaintiffs filed suit, they specified damage to two properties (169 and 187 Monarch Drive). ECF No. 1-1 ¶¶ 4, 6. Plaintiffs now seek leave to amend to make clear that they also seek to recover for the damage to their third property (141 Westover Drive) under the same insurance policy. ECF No. 35-1 at 2–3. Citing Rule 15(a)(2), Plaintiffs argue that leave to amend is proper because there has been no (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to

cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, or (5) futility of the amendment. *Id.* at 4–6. Plaintiffs also argue that their amendment would relate back to the original filing, citing article 1153 of the Louisiana Code of Civil Procedure. *Id.* at 6–7.

In Opposition, Defendant argues that Plaintiff improperly seeks to add a new claim for a new loss location, and that Plaintiffs unduly delayed and repeatedly failed to cure that deficiency after notice of same. ECF No. 37 at 1, 6–9. Defendant argues that Plaintiffs filed two different state court suits, the first seeking damages for their 169 and 187 Monarch properties and the second suit seeking damages for those two locations as well as 141 Westover, but Plaintiffs dismissed the second suit. *Id.* at 2. Defendant also argues that Plaintiffs' new claims are untimely and do not relate back; thus, amendment is futile. *Id.* 1, 9–15.

## II. APPLICABLE LAW AND ANALYSIS

### A. This Court's Hurricane Ida CMO

In accordance with the Hurricane Ida CMO, absent a timely opt-out, all pretrial matters are stayed pending the parties' completion of the Streamlined Settlement Program and certification of the case by the Chief Magistrate Judge. ECF No. 16, Hurricane Ida CMO Amendment #4, § 3 at p. 5, 10–11. Chambers staff has been advised that the parties' Hurricane Ida CMO-mandated neutral settlement conference is scheduled for May 20, 2025.

Although the Court would be justified in denying the motion based on the stay, allowing the parties to understand what claims are at issue is the better course. Therefore, the Court will exercise its discretion to modify the stay solely for purposes of addressing this motion for leave.

### B. Standard for Amendment

Rule 15(a) applies when a party seeks leave to amend before expiration of the deadline for amendments, but when leave is sought *after* the scheduling order deadline for amendments has

expired, the analysis is governed by Rule 16.[1] Plaintiffs filed this motion for leave to amend before issuance of a Scheduling Order. Accordingly, the request is governed by Rule 15(a) rather than the more stringent good cause requirements of Rule 16(b).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[2] Although leave to amend is not automatic,[3] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[4] The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[5] Denial of leave to amend is reviewed for abuse of discretion,[6] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[7]

---

[1] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and only upon a showing of good cause and with the judge's consent will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave).

[2] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[3] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991).

[4] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord. Mayeaux,* 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

[5] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").

[6] *Carroll*, 470 F.3d at 1174 (citation omitted).

[7] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).

**1. Undue Delay**

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[8] However, a litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[9] At some point, plaintiff's delay can be procedurally fatal.[10] In that situation, plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect."[11]

Courts have found "undue delay" when a plaintiff knew the facts "all along" but waited over a year after the first amended complaint to seek leave to amend raising those facts.[12] "Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant."[13] Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, *i.e.*, it must prejudice the nonmoving party or impose unwarranted burdens on the court."[14]

**2. Bad Faith**

The Fifth Circuit has defined bad faith generally as

> implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad

[8] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment"); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citation omitted) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to 'freely give leave to amend when justice so requires.'").

[9] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).

[10] *Smith*, 393 F.3d at 595 (quoting *Whitaker v. City of Hous.*, 963 F.2d 831, 836 (5th Cir. 1992)).

[11] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citation omitted).

[12] *See, e.g.*, *C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314–15 (5th Cir. 2016) (affirming district court's decision).

[13] *Carson*, 689 F.2d at 584.

[14] *Mayeaux*, 376 F.3d at 427 (emphasis and citations omitted).

judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.[15]

**3. Repeated Failures to Cure**

The Fifth Circuit has affirmed denial of leave to amend where a party has been given multiple opportunities to cure a defect.[16]

**4. Undue Prejudice**

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[17] A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[18] Likewise, amendments that fundamentally alter the nature of the case or would force a party to re-urge the same arguments presented in previous dispositive

---

[15] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc*., 293 F.3d 912, 922 (5th Cir. 2002) (quoting *Bond v. Broadway*, 607 So. 2d 865, 867 (La. Ct. App. 1992)).

[16] *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) (affirming denial of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case"); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit amendment after plaintiff had amended twice).

[17] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co*., 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[18] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)); *cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant," and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l*, 663 F. App'x at 314 (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).

motions[19] are considered prejudicial.[20] While additional fees and costs incurred to respond may cause some prejudice, it does not constitute "undue prejudice" necessary to justify denial of a motion to amend.[21]

**5. Futility**

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (*i.e.*, whether it states a plausible claim for relief).[22] The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (*i.e.*, the factual allegations must "be enough to raise a right to relief above the speculative level").[23] It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[24] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[25]

---

[19] *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

[20] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding the complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[] the case anew.").

[21] *See, e.g.*, *Babin v. Caddo E. Ests. I, Ltd.*, No. 10-896, 2012 WL 3310017, at *1 (E.D. La. Aug. 13, 2012) (granting motion to amend despite argued prejudice of additional costs because that is not sufficient to establish undue prejudice); *Richards' Realty Co., L.L.C. v. Paramount Disaster Recovery, Inc.,* No. 06-2396, 2008 WL 440325, at *3 (E.D. La. Feb. 8, 2008) (Vance, J.) (stating that continued expenditure of substantial litigation resources does not establish undue prejudice); *see also Adams v. Medtronic, Inc.*, No. 19-870, 2022 WL 3268506, at *3 (E.D. Tex. Aug. 10, 2022) (preparing additional discovery and re-deposing an unidentified number of witnesses is not "considerable delay and expense" as necessary to establish undue prejudice); *EnergyBill.com, L.L.C. v. Arcadis U.S., Inc.,* No. 21-00426, 2021 WL 9352581, at *3 (W.D. Tex. Dec. 9, 2021) (citing *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 599 (5th Cir. 1981)) (stating that cursory references to the increase in cost, complication and potential juror confusion are insufficient to demonstrate the kind of undue prejudice warranting denial of leave to amend at the early stage in proceedings).

[22] *Marucci Sports,* 751 F.3d at 378 (quoting *Stripling,* 234 F.3d at 873).

[23] *Twombly*, 550 U.S. at 555, 570.

[24] *Id.* at 557 (brackets in original) (citation omitted); *Iqbal*, 556 U.S. at 678 (citation omitted).

[25] *Iqbal,* 556 U.S. at 678 (citation omitted).

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[26]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[27]

**C. <u>Analysis</u>**

Defendant does not argue bad faith, and there is no evidence of bad faith here. Likewise, there is no evidence of that Plaintiffs have been ordered to amend to cure any defect and failed to do so. Instead, Defendant focuses on the first factor (undue delay), fourth factor (prejudice) and fifth factor (futility).

Although Plaintiffs filed suit in state court on August 24, 2023, this hurricane proceeding became subject to the Court's Hurricane Ida Case Management Order's stay of the proceeding during the streamlined settlement program before a court-appointed neutral upon removal on October 19, 2023. The stay continues today and will continue until lifted after the May 20, 2025 mediation with the court-appointed neutral. Thus, this case presents somewhat unique facts given

---

[26] *Id.* 556 U.S. at 679 (internal citation omitted) (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[27] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 ("[The] obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted). When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).

operation of the Court's Hurricane Ida CMO stay, which applied during most of the "delay period" at issue. Indeed, the case has not yet been returned to the court's active docket.

Setting aside the stay that has applied since the case arrived in this Court in October 2023, even delays of more than a year are insufficient to deny leave to amend based simply on the fact that the claim was not presented as promptly as possible, particularly when the delay is not "undue" (*i.e.*, prejudicial to the nonmoving party or imposing unwarranted burdens on the court). Thus, while the length of the delay weighs in defendant's favor in this case, even the significant delay in this stayed case does not justify denial of the motion.

Defendant argues that it is prejudiced because, even though it knew about Plaintiffs' claim for damages as to 141 Westover during the adjustment phase, it did not understand they intended to pursue it in litigation, it is prejudiced in its ability to investigate this claim before the scheduled mediation, and Plaintiffs have refused to breakdown their damages based on location. ECF No. 37 at 8–9. This case does not, however, present a situation where discovery has closed, dispositive motions have been filed, briefed, or decided, or the issue was raised in the middle of trial. Nor would the amendment fundamentally alter the nature of the case, particularly given that Defendant concedes Plaintiffs raised the damage to this property during the adjustment phase (and thus Defendant presumably investigated the claim at that time). In short, Defendant has not established the undue prejudice necessary for the Court to deny leave to amend.

Defendant's final argument is that Plaintiffs' claim as to 141 Westover is futile because it is prescribed on its face and does not relate back to the filing of the original complaint. If the proposed amendment asserts a time-barred claim, the amendment is futile unless it relates back to the original filing under Rule 15(c).[28] "If a claim asserted in an amended pleading relates back to

[28] *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). Whether the claim would relate back is determined by reference to Federal Rule 15(c), not the Louisiana Code of Civil Procedure as argued by Plaintiffs.

the date of the original complaint and is thus not barred by limitations, then leave to amend should ordinarily be granted."[29]

Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; . . . ." FED. R. CIV. P. 15(c)(1)(B). The purpose of Rule 15(c) is to balance the interests of the defendant protected by the statute of limitations with the preference for resolving disputes on their merits.[30] Relation back is allowed to "correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in a prior complaint."[31]

The rationale of Rule 15(c) is that, "'once litigation involving a particular transaction has been instituted, the parties should not be protected by the statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings.'"[32] For instance, in *FDIC v. Conner*, plaintiff sought to amend its complaint to add claims that defendant's wrongful conduct caused harm to loans that were not identified in the original complaint. The Fifth Circuit rejected defendant's statute of limitations and prejudice argument, finding that damage allegedly caused by the loans that the FDIC sought to include arose out of the same conduct as the damage caused by the loans listed in the complaint and did not alter the basic focus of the claim.[33] Rule 15 thus allows an amendment to relate back to the original pleading not only when it asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original

---

[29] *FDIC. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994).
[30] *Krupski v. Costa Crociere S.p.A*., 560 U.S. 538, 550 (2010) (citations omitted).
[31] *Flores v. Cameron Cnty*., 92 F.3d 258, 273 (5th Cir. 1996) (quoting *Conner*, 20 F.3d at 1386); *see also Belmont Commons, L.L.C. v. Axis Surplus Ins. Co*., 569 F. Supp. 2d 637, 643 (E.D. La. 2008) (citing *Conner*, 20 F.3d at 1386).
[32] *Flores,* 92 F.3d at 272–73 (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366–67 (5th Cir. 1994)) (alteration omitted); *see also Conner*, 20 F.3d at 1385 ("Permitting such an augmentation or rectification of claims that have been asserted before the limitations period has run does not offend the purpose of a statute of limitations, which is simply to prevent the assertion of stale claims.").
[33] *Conner*, 20 F.3d at 1385–86.

complaint, but also when it arises from the same facts, transaction or occurrence attempted to be set out in the original pleading.

Rather than prematurely resolve a disputed relation back issue on a motion to amend, the preferred course is to defer resolution of that issue. Indeed, courts often defer addressing the futility issue in relation to a Rule 15 motion to allow resolution of same in the context of a Rule 12 motion:[34] "The issue of futility . . . is better addressed 'in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.'"[35] In the meantime, allowing amendment gives Plaintiffs an opportunity to "plead their best case" before asking the court to rule on the motion to dismiss.[36]

## III. CONCLUSION

For the foregoing reasons, and considering the relevant Rule 15(a)(2) factors, the Court cannot find that there is substantial reason to deny amendment. Accordingly,

IT IS ORDERED that the Hurricane Ida CMO stay is LIFTED solely for purposes of addressing this motion and that Plaintiff's Motion for Leave is GRANTED.

New Orleans, Louisiana, this 2nd day of May, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[34] *See, e.g.*, *Norman v. Webster*, No. 24-240, 2025 WL 699681, at *4 (E.D. La. Feb. 28, 2025) (noting that numerous courts within the Fifth Circuit have recognized that futility is better addressed in the context of a Rule 12(b)(6) motion than a Rule 15 motion); *Tesla, Inc. v. La. Auto. Dealers Ass'n*, No. 22-2982, 2023 WL 9059650, at *7 (E.D. La. Jan. 11, 2023); *Medarc, LLC v. Aetna Health Inc*., No. 20-3646, 2022 WL 743520, at *2 (N.D. Tex. Mar. 11, 2022) (Ramirez, M.J.) (recognizing the virtually "unvarying" practice of resolving futility in the context of Rule 12 rather than Rule 15).

[35] *Griffin v. Genpact LLC*, No. 23-1632, 2024 WL 4005090, at *8 (N.D. Tex. Jan. 9, 2024) (quoting *Smallwood v. Bank of Am.*, No. 11-1238, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011)), *R.&R. adopted*, No. 23-1632, 2024 WL 4004996 (N.D. Tex. Jan. 31, 2024).

[36] *See Bank of Am. Corp*., 2020 WL 3966875, at *2 (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *see also Biwen Liang v. Home Reno Concepts LLC*, No. 17-3503, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the RICO claim.").