UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| CON EL, INC., *et al.* | CIVIL ACTION |
| VERSUS | NO. 23-6402 |
| BURLINGTON INSURANCE COMPANY | SECTION M (2) |


## ORDER & REASONS

Before the Court is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant The Burlington Insurance Company ("Burlington").[1]  Plaintiffs Con El, Inc. ("Con El"), Susca, Inc. ("Susca"), and Miss Ellie's Kitchen, Inc. ("Miss Ellie's Kitchen") (collectively, "Plaintiffs") respond in opposition,[2] and Burlington replies in further support of its motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons.

## I.    BACKGROUND

This case involves an insurance coverage dispute arising out of alleged property damage caused by Hurricane Ida.  Burlington issued a commercial insurance policy to Plaintiffs under policy no. HMP0006722 (the "Policy"), which was in effect on August 29, 2021, the date of the alleged loss.[4]  On August 24, 2023, Plaintiffs filed this case in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, asserting a breach-of-contract claim and a bad-faith-insurance-handling claim under La. R.S. 22:1892 and 22:1973[5] and alleging that Burlington, in

---

[1] R. Doc. 46.
[2] R. Doc. 47.
[3] R. Doc. 51.
[4] R. Doc. 46-3.
[5] R. Doc. 1-1.

bad faith and "[d]espite being fully apprised of the true amount of loss covered under the policy, … refused to provide proper coverage and payment for the loss."[6]  Burlington removed this action to this court on October 20, 2023.[7]

        In their state-court petition (the "Petition"), Plaintiffs alleged that they "owned property located at 169 Monarch Drive, Houma, Louisiana 70364 and 187 Monarch Drive, Houma, Louisiana, 70364 *with a total of three insured buildings* (hereinafter referred to as the 'property'), which forms the subject of this lawsuit."[8]  Unlike the two properties located on Monarch Drive (the "Monarch Properties"), the third insured building referenced is not identified by street address in the Petition.  On April 4, 2025, Plaintiffs filed a motion for leave to file an amended complaint (the "Amended Complaint") "to correct the name of [Miss Ellie's Kitchen] and to specifically list the address of … Susca's insured property."[9]  According to Plaintiffs, the Monarch Properties are owned by Con El (169 Monarch Drive) and Miss Ellie's Kitchen (187 Monarch Drive), and Susca's property, the third property covered under the Policy but not specifically identified in the Petition, is located at 141 Westover Drive, Thibodaux, Louisiana (the "Westover Property").[10] Burlington opposed the motion for leave, arguing, *inter alia*, that the addition of the Westover Property was futile, as any new claims under the Policy brought after August 29, 2023, are time-barred by the Policy's two-year limitation period.[11]  The magistrate judge granted the motion for leave, noting that Burlington's futility argument could be more appropriately addressed in the

---

[6] *Id.* at 5-6 (quote at 5).  Plaintiffs filed a second state-court action on August 29, 2023, which was voluntarily dismissed in January 2024.  *See* R. Docs. 37-1; 37-2.
[7] R. Doc. 1.
[8] R. Doc. 1-1 at 4 (emphasis added).
[9] R. Doc. 35 at 1.
[10] R. Doc. 35-1 at 3.
[11] R. Doc. 37 at 9-15.

context of a Rule 12 motion.[12]  Burlington now seeks to dismiss all of Plaintiffs' claims under Rule 12(b)(6).

## II.    PENDING MOTION

In its motion to dismiss, Burlington argues that the Amended Complaint asserts new claims pertaining to the Westover Property "over three and half years after the alleged August 29, 2021 date of loss," which "are time-barred based on the explicit terms of the Policy and … must be dismissed."[13]  Burlington further argues that the Amended Complaint fails to plead sufficient factual allegations to state a claim for relief by failing to explain the Plaintiffs' relationship to each insured property; making "vague allegations" of damages; failing to identify specific dates and facts for each property, "such as when the loss was reported, when the inspections occurred, and when payments were made [and] how and/or why Plaintiffs believe the payments were inadequate and how much Plaintiffs contend is owed"; and asserting "vague globalized claims of breach of contract [and] broad and generalized allegations of alleged bad faith claim handling."[14]

In opposition, Plaintiffs argue that, in light of "the entire context of Plaintiffs' claims," including their insurance claims, Burlington had adequate notice that their claims included the Westover Property.[15]  Plaintiffs assert that all three of their properties – the two Monarch Properties and the Westover Property – were insured under a single policy of insurance and were the only three buildings insured under the Policy, and that Plaintiffs were the only insureds under the

---

[12] R. Doc. 41 at 10.  Pursuant to the Court's Hurricane Ida Case Management Order, all pretrial matters were stayed pending completion of the Streamlined Settlement Program.  R. Doc. 16.  The magistrate judge "modif[ied] the stay solely for purposes of addressing this motion for leave," R. Doc. 41 at 2, and deferred resolution of the futility issue.  *Id.* at 10.  Because the Court agrees that "allowing the parties to understand what claims are at issue is the better course," *id.* at 2, this Court maintains the modification of the stay for purposes of addressing the instant motion to dismiss.
[13] R. Doc. 46-2 at 3.
[14] *Id.* (footnote omitted).
[15] R. Doc. 47 at 5.

Policy.[16]  Plaintiffs also contend that Burlington "assigned one claim number under the Policy for all three properties and all three Plaintiffs" for the reported hurricane damage and that Burlington's adjuster inspected all three properties and "not[ed] damages to all three of the buildings."[17] Plaintiffs further contend that, in the nine months after Burlington's adjuster issued its report, the parties "continued their discussion regarding the damage to all three locations," and that Plaintiffs provided their own adjuster's estimates for all three properties to Burlington.[18]  Plaintiffs also emphasize[19] that the Petition defines the "property … which forms the subject of this lawsuit" as "a total of three insured buildings"[20] and goes on to allege that Hurricane Ida "caus[ed] damage to Petitioner[s'] property."[21]    In light of those facts and given that the "Petition (1) identified the three named insureds; (2) referenced the 'three insured buildings' under the Policy; and (3) expressly alleged damage to those same three insured buildings,"[22] Plaintiffs argue that Burlington had adequate notice of their intention to assert claims pertaining to all three buildings, including the Westover Property, even though they "failed to specifically include the physical address of" that property in the Petition.[23]   Plaintiffs alternatively argue that, should the Court find that Plaintiffs failed to sufficiently assert claims for the Westover Property in the original Petition, any new claims pertaining to the Westover Property in the Amended Complaint relate back to the filing of the Petition on August 24, 2023, and "[t]hus, either way, Plaintiffs' claims as to [the] Westover [Property] are timely."[24]  Plaintiffs contend that any new claim pertaining to the Westover Property included in the Amended Complaint "most certainly arises out of the 'same conduct, facts,

---

[16] *Id.* at 6-7.
[17] *Id.* at 7.
[18] *Id.* at 9.
[19] *Id.* at 10.
[20] R. Doc. 1-1 at 4.
[21] *Id.* at 5.
[22] R. Doc. 47 at 14-15.
[23] *Id.* at 14.
[24] *Id.* at 16.

transaction, and occurrence' as contemplated by Rule 15(c)"[25] because it "arises from (1) the same insurance claim made by Plaintiffs relevant to all three properties; (2) the very same insurance Policy; (3) the very same Policy claim number; and (4) the very same conduct – [Burlington]'s failure to properly adjust and cover the losses to Plaintiffs' 'three insured properties.'"[26] Plaintiffs further argue that Burlington has been on notice of their claim for damages to the Westover Property "from the beginning"[27] and that the magistrate judge "has already observed" that Burlington has not been prejudiced by any delay in bringing claims as to that property.[28] Plaintiffs also argue that their Amended Complaint satisfies the pleading requirements. They note that Burlington is challenging the sufficiency of the pleadings now for the first time, even though it "was able to file an Answer to the … Petition which included a similar factual basis as the Amended [Complaint]."[29] Plaintiffs urge that the information Burlington asserts is missing from the Amended Complaint should be ascertainable from Burlington's own claims records.[30] Finally, Plaintiffs request that, if "any doubt exists as to whether Plaintiffs' allegations are clear enough to state a claim for damages as to all three properties/buildings, Plaintiffs should be afforded one final opportunity to amend" their pleadings to cure any deficiencies.[31]

In its reply, Burlington first argues that the Court cannot consider the documents cited in Plaintiffs' opposition (namely, the parties' adjuster reports[32]) for purposes of this Rule 12(b)(6) motion because they were not attached to Plaintiffs' opposition or Amended Complaint nor referenced in the Amended Complaint, and are "no[t] central to Plaintiffs' claims as currently

---

[25] *Id.* at 17 (quoting Fed. R. Civ. P. 15).
[26] *Id.* at 18.
[27] *Id.* at 19.
[28] *Id.* at 20 (quoting R. Doc. 41 at 8).
[29] *Id.* at 21.
[30] *Id.* at 22-24.
[31] *Id.* at 25.
[32] R. Docs. 35-3; 35-4; 35-5.

pleaded."[33]   Burlington then contends that the Petition did not include claims for the Westover Property because the "generalized allegation that there are three insured buildings and that damage occurred at the 'property,' which is a singular term, does not constitute notice that Plaintiffs intended to file suit for an unidentified address."[34]   Burlington further argues that the chief magistrate judge's instruction to Plaintiffs to amend the Petition to include the Westover Property demonstrates that the Petition was "insufficient."[35]   Burlington next contends that the Westover Property claims in the Amended Complaint do not relate back to the date of the Petition because they arises out of "conduct different than that alleged in the [Petition]" which "only pertains to claims for damages to two properties on Monarch Drive," making "no mention whatsoever" of the Westover Property,[36] and that the Westover Property claims are "wholly distinct" from the Monarch Properties claims as the locations, damage and repair estimates, and claims-adjustment processes are different as between the three buildings.[37]   Burlington again argues that the Amended Complaint fails to state any claim for relief by asserting "vague, globalized allegations … insufficient to put [Burlington] on notice of the basis of Plaintiffs' claims."[38]   Finally, though it acknowledges that the issue is not before the Court, Burlington argues that "Plaintiffs have not established that [Burlington] owes any additional monies under the Policy."[39]

---

[33] R. Doc. 51 at 1-2 (citing *Maloney Gaming Mgmt., LLC v. St. Tammany Par.*, 456 F. App'x 336, 340-41 (5th Cir. 2011)).
[34] *Id.* at 2.
[35] *Id.* at 3.
[36] *Id.* at 4-5 (quote at 5) (discussing *McGregor v. La. State Univ. Bd. of Supervisors,* 3 F.3d 850, 864 (5th Cir. 1993); *Pappion v. Dow Chem. Co.*, 627 F. Supp. 1576, 1577 (W.D. La. 1986)).
[37] *Id.*
[38] *Id.* at 7 (citing *C & S Props. – I, LLC v. Foremost Ins. Co. Grand Rapids*, 2025 WL 71876, at *2 (E.D. La. Jan. 10, 2025); *Engles v. Great Lakes Ins. SE*, 675 F. Supp. 3d 702, 707 (E.D. La. 2023); *JMC – Tran Props. v. Westchester Surplus Lines Ins. Co*., 2023 WL 2527168, at *5 (E.D. La. Mar. 15, 2023)).
[39] *Id.* at 8-10 (quote at 9).

III.    **LAW & ANALYSIS**

A.  **Rule 15(c)'s Futility and Relation-Back Standard**

Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  Relation back is allowed to "'correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in a prior complaint.'"  *Flores v. Cameron Cnty.*, 92 F.3d 258, 273 (5th Cir. 1996) (quoting *FDIC v. Conner*, 20 F.3d 1376, 1386 (5th Cir. 1994)).  "'When an amended pleading relates back to the date of a timely filed original pleading,' it is 'thus itself timely even though it was filed outside an applicable statute of limitations.'"  *Johnson v. Miller*, 126 F.4th 1020, 1026-27 (5th Cir. 2025) (alteration and internal quotation marks omitted) (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010)).  "'The rationale of the rule is that, once litigation involving a particular transaction has been instituted, the parties should not be protected by the statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings.'"  *Flores*, 92 F.3d at 272-73 (quoting *Kansa Reinsurance Co. v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366-67 (5th Cir. 1994)) (alteration omitted).  "However, 'notice is the critical element involved' in relation-back determinations."  *Johnson*, 126 F.4th at 1027 (footnote omitted) (quoting *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968)).

"Newly asserted claims relate back if they are premised on the same or similar allegations as those in the original filing."  *United States v. Alaniz*, 5 F.4th 632, 636 (5th Cir. 2021).  In other words, the allegations in both pleadings must be united by "a common core of operative facts."  *Mayle v. Felix*, 545 U.S. 644, 659 (2005).  Thus, a court must "look for commonalities between

the facts underlying the different claims" to determine whether a newly asserted claim relates back. *Alaniz*, 5 F.4th at 636 (citing *Mayle*, 545 U.S. at 664). "[I]f the newly asserted claims require factual support that 'differs in both time and type' from that required by the timely claim, the new claims do not relate back." *Id.* (alteration omitted) (quoting *Mayle*, 545 U.S. at 650).

### B. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted

8

unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th

Cir. 2005).  Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned."  *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### C.  Analysis

Although Burlington also argues that the Amended Complaint fails to allege sufficient facts to state a plausible claim for relief, it first argues that the allegations pertaining to the Westover Property in the Amended Complaint are prescribed and do not relate back to the Petition. Plaintiffs, in their opposition, likewise address relation back and prescription first.  Thus, the Court will address the arguments in the same order as the parties, noting that its determination whether the Amended Complaint relates back under Rule 15(c) does not address the sufficiency of the claims asserted therein, only the similarities between the allegations in the Amended Complaint and the Petition.[40]

### 1.  Relation Back

A federal court sitting in diversity applies state substantive law, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), including "state statutes of limitations and related state law governing tolling of the limitation period."  *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989).  Under Louisiana law, liberative prescription is similar to the common-law concept of statute of limitations.  It "is a mode of barring of actions as a result of inaction for a period of time."  La. Civ. Code. art. 3447.  The prescriptive period for personal actions, including contract

---

[40] *See infra* note 48.

claims, is ten years.  La. Civ. Code art. 3499.  Bad-faith claims would usually be subject to this ten-year prescriptive period because they are "an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties."  *Smith v. Citadel Ins. Co.*, 285 So. 3d 1062, 1069 (La. 2019).  Under Louisiana law, though, parties can contractually shorten a prescriptive period. "In the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid."  *Taranto v. La. Citizens Prop. Ins. Corp.*, 62 So. 3d 721, 728 (La. 2011) (emphasis omitted); *see also La. Health Serv. & Indem. Co. v. McNamara*, 561 So. 2d 712, 719 (La. 1990); *Noland v. Sun Life Assurance Co.*, 252 F.3d 436, 2001 WL 360775, at *1 (5th Cir. Mar. 19, 2001); La. R.S. 22:868(B) (prohibiting contractual prescriptive periods of fewer than 24 months for insurance claims).  However, parties cannot "contractually 'opt out' of Louisiana's rules governing the interruption of prescription."  *Thompson v. Chubb European Grp. SE*, 2025 WL 673583, at *1 (E.D. La. Mar. 3, 2025).  Prescription is interrupted "when the obligee commences action against the obligor, in a court of competent jurisdiction and venue."  La. Civ. Code. art. 3462.  Here, the Policy terms provide that "[n]o one may bring a legal action against [Burlington] under this Coverage Part unless … [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred."[41]  Thus, the parties have chosen to contractually limit the prescriptive period to the statutory minimum of two years.  *See* La. R.S. 22:868(B).  Because the date of the alleged loss was August 29, 2021, the limitations period ended on August 29, 2023.  The Petition was filed within this limitations period.  The Amended Complaint was not.  Thus, any new claims asserted in the Amended Complaint must relate back to the Petition to avoid prescription.  Accordingly, the Court will "look for commonalities between

---

[41] R. Doc. 46-3 at 63.

the facts" alleged in the Petition and the Amended Complaint.  *Alaniz*, 5 F.4th at 636.

The only pertinent difference between the Petition and Amended Complaint for purposes of the Court's relation-back analysis is the identification of the Westover Property as one of the insured properties at issue in the Amended Complaint.[42]  Plaintiffs rely on the Petition's reference to "a total of three insured buildings" in its definition of the term "property" to argue that the claims asserted in the Petition were inclusive of the Westover Property, despite the omission of its physical address from the Petition.  However, before referring to the "three insured buildings," the Petition specifically identifies only two properties – the Monarch Properties – by their street addresses: "At all relevant times, Petitioner[s] owned property located at 169 Monarch Drive, Houma, Louisiana 70364 and 187 Monarch Drive, Houma, Louisiana, 70364 with a total of three insured buildings (hereinafter referred to as the 'property'), which forms the subject of this lawsuit."[43]  Burlington therefore argues that the claims originally asserted in the Petition pertain exclusively to the Monarch Properties and that the Westover Property allegations in the Amended Complaint are "wholly distinct" from the claims asserted in the Petition.[44]

While the allegation that two specific properties as well as "a total of three insured buildings … form[] the subject of this lawsuit" is confusing, the only resulting ambiguity was whether the Plaintiffs intended to allege that the Policy was breached, and the claim mishandled, with respect to the two Monarch Properties or as to these two insured properties along with a separate, third property.  Both the Petition and the Amended Complaint make it clear that the properties were all covered by the same Policy[45] and indicate that only one claim was filed as to

---

[42] *Compare* R. Doc. 1-1 at 4, *with* R. Doc. 42 at 2.
[43] R. Doc. 1-1 at 4.
[44] *Id.*
[45] *See* R. Docs. 1-1 at 4-5 ("Petitioner[s] entered a policy or contract of insurance with the defendant …. The Defendant, Burlington Insurance Company, issued a policy of insurance (Policy Number HMP 0006722) covering Petitioner[s'] property."); 42 at 3 ("Defendant issued Plaintiffs a policy of insurance, bearing policy number HMP0006722 (hereafter the 'Policy'), which covered the Insured Properties.").

12

all of the damaged properties.[46]  Thus, because there is only one contract and one claim at issue in both of the pleadings, the Amended Complaint does not assert additional claims alleging the breach of an independent contract or bad-faith handling of a separate insurance claim.  *Cf. Arriaga v. Chubb Nat'l Ins. Co.*, 2024 WL 5495292, at *2, *9 (E.D. La. Nov. 5, 2024) (holding that a proposed amended pleading alleging "that [the defendant insurer]'s separation of [the p]laintiffs' initially reported Hurricane Ida damages into two claims … was conducted in bad faith" raised a new, separate claim because "the[ reported] damages were subsequently separated [into] two distinct claims" and the original pleadings "expressly limited the claim at issue to the [Hurricane] Ida [c]laim" by referencing only the claim number assigned to that claim).  The amendment merely clarifies the scope of the existing claims by removing the ambiguity in the Petition's description of the insured properties at issue.  In this way, the Amended Complaint's inclusion of the Westover Property is "more akin to a more definite statement of" the breach-of-contract and bad-faith claims "versus entirely new claims of relief."  *Bradford v. L. Firm of Gauthier, Houghtaling & Williams, LLP*, 2013 WL 6279687, at *4 (E.D. La. Dec. 4, 2013) (holding that added allegations of the defendant's "'concealing of documents, non-fulfillment[,] refusal to file an important opposition document and scrambling of documents' [were] not 'new' [claims] but instead clarif[ied] factual allegations regarding [the plaintiff]'s legal malpractice claim" (alteration omitted)).  While the amendment, by making it clear that the claims encompassed the Westover Property, may increase the amount of potentially recoverable damages, it does not constitute a new, independent cause of action.  *Cf. Pendarvis v. Am. Bankers Ins. Co. of Fla.*, 2008 WL 11351448, at *3-4 (M.D. La. Jan. 24, 2008) (holding that, where "[t]he original petition [asserted] a claim for insurance benefits for

---

[46] *See* R. Docs. 1-1 at 5 ("Petitioner[s] timely reported the damage by filing a claim, seeking payments to have the property repaired."); 42 at 4 ("Plaintiffs timely provided notice of the loss events to Defendant and made a claim for payment under the policy.").

property damage, statutory penalties, and attorney's fees due to [the] defendant's failure to timely pay the claim under the [property] insurance policy," an added claim by the original plaintiff's wife for "personal injury damages" due to mold exposure prolonged by the defendant's delay was "not actually a separate and distinct claim for damages, but rather an element of damages suffered as a result of [the] defendant's failure to timely pay the claim under the insurance policy").

Even if the Amended Complaint does attempt to assert new, independent claims as to the Westover Property, such claims would relate back to the date of the Petition because the allegations in the Petition and the Amended Complaint all arise from "a common core of operative facts." *Mayle*, 545 U.S. at 646. Though the three properties have different physical locations and necessarily sustained unique damages and were inspected separately, these are the extent of the differences between the facts underlying any new Westover Property claims and the Monarch Properties claims. All three properties were restaurants covered under one Policy and damaged by the same hurricane, and the resulting losses were all assigned and adjusted under one claim number.[47] The "conduct, transaction, or occurrence" forming the basis of the claims asserted in the Petition was Burlington's alleged breach of the Policy and mishandling of the insurance claim for damages caused by Hurricane Ida – as to buildings on the two Monarch Properties and possibly a third, unspecified property. To the extent the Amended Complaint asserts new claims (at least

---

[47] R. Doc. 47 at 13-14. Plaintiffs did not attach to either the Petition or the Amended Complaint any document verifying that the Monarch and Westover Properties are the properties covered by the Policy or that the damage reported for all three properties was handled under one claim. The "description of premises" section of the Policy declarations refers only to an unidentified document "[o]n [f]ile with [Burlington] as provided by [Plaintiffs]." R. Doc. 46-3 at 17. And while the adjuster's report originally attached to Plaintiffs' motion for leave to amend (R. Doc. 35-4) and excerpted in their opposition to the motion to dismiss identifies the three properties by their addresses, *see* R. Doc. 47 at 8 (citing R. Doc. 35-4 ("Risks 1 & 2 are located at 169 & 187 MONARCH DR, HOUMA, LA 70364, and risk #3 is located at 141 Westover Dr Thibodaux, LA.")), this report, as Burlington points out, *see* R. Doc. 51 at 1-2, was not attached to either of Plaintiffs' complaints nor their opposition to the motion to dismiss and thus cannot be considered by the Court in ruling on a motion to dismiss. *See Textron*, 540 F. App'x at 409. However, because Burlington does not dispute that the Monarch and Westover Properties were covered under one Policy and adjusted under the same claim, the Court will accept these assertions as true for purposes of this motion.

14

by way of clarification) concerning the Westover Property, those claims are that Burlington breached the same Policy and mishandled the same insurance claim for damages arising out of the same weather event. The commonalities are plain. Thus, any new Westover Property claims asserted in the Amended Complaint relate back to the claims raised in the Petition and the Court cannot hold that any such claims are time-barred. *See St. Joseph Med. Clinic AMC v. Bankers Ins. Co.*, 2023 WL 6583878, at *4 (E.D. La. Oct. 10, 2023) ("Because [the p]laintiff's business interruption claim arises from the same hurricane under the same insurance policy, that claim will relate back to the filing of the original complaint."); *cf. Lundy Enters., L.L.C. v. Wausau Underwriters Ins. Co.*, 2009 WL 5217412, at *7 (E.D. La. Dec. 30, 2009) ("In the original petition, plaintiffs allege that they suffered wind and flood damage that resulted from Hurricane Katrina. In their Amended Complaint, plaintiffs added a claim for looting. Hurricane Katrina was a meteorological event. Looting was caused by human action. Therefore, the two claims do not arise out of the same conduct, transaction, or occurrence as required by Rule 15(c)(1)(B) for relation back."); *Galilee Baptist Church v. Church Mut. Ins. Co.*, 2008 WL 11354940, at *4 (E.D. La. June 25, 2008) (denying motion to amend under Rule 15 because the "proposed pleading… abandon[ed] the original plaintiff and [sought] to substitute another entity with its own claims with respect to a different property under a different commercial package policy," which was "tantamount to an entirely new lawsuit").

### 2. Failure to State a Claim

While the Court finds that the allegations in the Petition and the Amended Complaint appear to be sufficiently related for purposes of relation back, the Court nevertheless holds that the Amended Complaint fails to allege sufficient facts to state plausible claims for breach of contract

and violation of Louisiana's bad-faith provisions.[48]    Another section of this court recently addressed the pleading requirements specific to these types of claims:

> To state a claim for breach of an insurance policy, the plaintiff must specify the provisions of the policy breached.    Further, to state a claim for breach of Louisiana's bad faith statutes, the plaintiff must adequately allege a breach of contract claim and include factual allegations sufficient "to plausibly conclude" that the defendant violated La. R.S. 22:1892 and La. R.S. 22:1973.

*C & S Props.*, 2025 WL 71876, at *3 (footnotes omitted) (first citing *Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010), then quoting *Hibbets*, 377 F. App'x at 355-56).    The court in *C & S Properties* held that the plaintiff's petition was insufficient because it "merely 'parrot[ted] the legal standards applicable to [the p]laintiff's breach of contract claims without providing factual support'" and "set[] forth the legal standard applicable to Louisiana bad faith claims, without providing factual support for [the p]laintiff's allegations."   *Id.* at *4 (alteration omitted) (quoting *JMC*, 2023 WL 2527168, at *5).   Here, the Amended Complaint likewise fails to provide factual support for the alleged breach of the Policy and bad-faith violations.

Like the petition in *C & S Properties*, the Plaintiffs' Amended Complaint fails to specify the Policy provisions Burlington is alleged to have breached.   *Id.*   And while Plaintiffs allege that,

---

[48] Although the Court holds that the Amended Complaint fails to state a claim for relief for lack of sufficient factual allegations, it appears from a comparison of what allegations are set out in the pleadings that the claims attempted to be asserted in the Amended Complaint and the Petition "arise out of the same common core of operative facts," *Mayle*, 545 U.S. at 646, such that, should Plaintiffs' cure the deficiencies in the Amended Complaint, the sufficiently pleaded claims would relate back to the claims attempted to be set out in the original Petition.   *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 102-03 (5th Cir. 1995) ("[T]he amended complaint (*which admittedly still requires a more definite statement under rule 8*) … does not allege anything new or attempt to add any new defendants.  An obvious nexus therefore exists between the jurisdiction and relief [the plaintiff] 'attempted to set forth' in the [original] complaint and the jurisdiction and relief actually set forth in the amended complaint." (emphasis added)); *United States v. Pro. Compounding Ctrs. of Am., Inc.*, 2024 WL 1904343, at *8 (W.D. Tex. Apr. 30, 2024) ("A properly pled complaint is sufficient – but not necessary – to allow a court to conduct [a relation-back] analysis. After all, there are an infinite number of ways to run afoul of the pleading standard that have nothing to do with the common core of operative facts."); *Mandell v. TA Operating, LLC*, 2012 WL 13075594, at *7 (W.D. Tex. Mar. 12, 2012) (holding that the amended complaint related back to the original pleading under Rule 15(c)(1)(C), despite also holding that the amended complaint was deficient and granting plaintiffs leave to amend their complaint).  However, if Plaintiffs fail to timely file a second amended complaint curing the deficiencies identified by the Court, all of Plaintiffs' claims will be dismissed with prejudice for failure to state a claim for relief.  *See infra* § IV.

"[i]n compliance with the policy, [they] timely provided notice of the loss events"[49] and that Burlington failed to make adequate payments despite having "ample opportunity to investigate and inspect the damage to the [i]nsured [p]roperties,"[50] "the only date referenced in the [Amended Complaint] is the date of the loss event, August 29, 2021," as in *C & S Properties*. *Id.* at *4. Moreover, also as in *C & S Properties*, the Amended Complaint "contains only vague and conclusory allegations, and does not refer to specific actions or omissions by [Burlington,]" *id.*, merely asserting that "[t]he payments made by [Burlington] to date are inadequate to cover the cost of repairs caused by Hurricane Ida,"[51] without indicating the amount of payments made by Burlington or Plaintiffs' estimates of the cost of the repairs. As to the bad-faith claims, the Amended Complaint again fails to specify when Burlington received notice of the loss, when Burlington responded to such notice, or the dates of the inspection and any payments made. "Information regarding the timing of these events is necessary 'to determine if and when the 30-day and 60-day statutory periods began to run.'" *Id.* (quoting *JMC*, 2023 WL 2527168, at *5). Moreover, there is no indication as to "why any unpaid portions of the claim should be considered 'undisputed.'" *Id.* (quoting *JMC*, 2023 WL 2527168, at *5). Thus, the Amended Complaint fails to include sufficient factual support for Plaintiffs' breach-of-contract and bad-faith claims.

While the Court agrees with Burlington that "the allegations in the Amended Complaint in this lawsuit suffer the same defects as the petition scrutinized in *C & S Properties*,"[52] the *C & S Properties* court – as well as the courts in the other cases cited by Burlington – permitted the plaintiff to amend its complaint to address the deficiencies raised in the defendant's motion. *Id.* at *5; *see also Engles*, 675 F. Supp. 3d at 708; *JMC*, 2023 WL 2527168, at *5. Indeed, Burlington

---

[49] R. Doc. 42 at 4.
[50] *Id.*
[51] *Id.*
[52] R. Doc. 51 at 8.

does not argue that Plaintiffs should not be afforded another opportunity to sufficiently plead their claims, but that, should the Court find that "a legitimate dispute remains, Plaintiffs should be required to identify the disputes with particularity, and allege sufficient facts to support their cause(s) of action … for each property."[53]  Thus, because Plaintiffs have only amended their pleadings once and this is Burlington's first motion to dismiss, the Court will give Plaintiffs one more opportunity to amend their pleadings to add sufficient factual support for their claims, including "information regarding the date [Burlington] conducted its inspection and obtained satisfactory proof of loss, … the date [Plaintiffs] provided estimates and invoices to [Burlington], the date [Burlington] issued payments, why those payments do not total the amount of the estimates/invoices Plaintiff[s] provided and other relevant claims handling dates."[54]  Plaintiffs should also attach to any second amended complaint any relevant supporting documentation, including documents verifying that the Monarch and Westover Properties are in fact the properties covered under the Policy and the subject of the same insurance claim.[55]

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Burlington's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) (R. Doc. 46) is GRANTED and that Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.  Any amended complaint shall be filed within fourteen (14) days from the date this Order is issued, and failure to timely file an amended complaint curing the noted deficiencies will lead to dismissal with prejudice.

---

[53] *Id.* at 10.
[54] *See* R. Doc. 47 at 26.
[55] *See supra* notes 45-47.

New Orleans, Louisiana, this 11th day of July, 2025.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE