UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| CON EL, INC., ET AL. | * | | CIVIL ACTION |
| VERSUS | * | | NO. 23-6402 |
| BURLINGTON INSURANCE COMPANY | * | | SECTION "M" (2) |

**ORDER AND REASONS**

Pending before me is Defendant Burlington Insurance Company's Motion to Compel. ECF No. 62. Plaintiffs Con El, Inc., Susca Inc., and Ellie's Kitchen Inc. filed a timely Opposition Memorandum, and Defendant filed a timely Reply Memorandum. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Compel is **GRANTED** for the reasons stated herein.

## I.    BACKGROUND

Plaintiffs Con El, Inc., Susca, Inc., and Ellie's Kitchen Inc. filed this state court Hurricane Ida case against Defendant Burlington Insurance Company to recover for damages to three properties (the "Insured Properties"), asserting claims for breach of contract and bad faith. ECF Nos. 1-1, 53. After removal and proceeding through the Streamlined Settlement Program established by the Hurricane Ida Case Management Order ("CMO"), Magistrate Judge North certified the case for return to the docket. ECF Nos. 1, 4, 16, 20, 30, 31, 55. The March 3, 2026,

1

Scheduling Order establishes a December 7, 2026, trial date, with a November 6, 2026, discovery deadline.  ECF No. 59.

On January 22, 2026, Defendant propounded its First Set of Interrogatories and Requests for Production to each Plaintiff.  ECF Nos. 62-4, 62-5, 62-6.  Plaintiffs issued their responses on March 24, 2026.  ECF Nos. 62-7, 62-8, 62-9.  Defendant scheduled a Rule 37(a)(1) conference that occurred on April 20, 2026, during which it asserted that the responses were vague and non-responsive.  ECF Nos. 62-2, 62-10.  Plaintiffs agreed to supplement their responses.  *See* ECF Nos. 62-11, 62-12, 62-13.

## II.    THE PENDING MOTION

Defendant filed this Motion to Compel requesting that the Court compel Plaintiffs to organize their over 7,500-page document production to correspond with the RFPs, in accordance with Rule 34(b)(2)(E)(i).  ECF No.  62.  Defendant argues the requests sought documents pertaining to the Insured Properties within the scope of permissible discovery and within Plaintiffs' possession, custody, or control, but Plaintiffs produced a disorganized mass of documents that are duplicative, not directed to any particular Insured Property and/or claim, and the Bates references do not adequately identify the responsive documents, leaving Defendant unable to discern whether the production is complete.  ECF No. 62-1 at 3-10.  As an example, Defendant asserts Susca's referenced production for its response to RFP No. 3 includes hundreds of pages of documents that relate to other Plaintiffs' properties rather than Susca's.  *Id.* at 6-7.

In Opposition, Plaintiffs do not dispute that the requests sought documents within the scope of permissible discovery and in their possession, custody, or control.  Rather, they argue that there is no basis for compelling them to reorder their production, asserting they have complied with Rule 34(b)(2)(E)(i) by "producing documents in the ordinary course of business."  ECF No. 64 at 5.

Plaintiffs admit, however, that they "did not have any document retention system or way of saving document at the time of the claim," none of them "had any organizational protocol for how documents and information should be saved," and "[u]nfortunately, the ordinary course of business for [their] document retention was to just save documents in boxes commingled" for the Insured Properties.  *Id.* at 1 (citing ECF No. 64-1).[1]  Plaintiffs claim their production is adequate and not a document dump because they produced separate responses and productions with specific Bates ranges.  *Id.* at 1-5.  Plaintiffs indicate they have issued supplemental responses again to resolve any confusion as to which document pertains to which claim/property.  *Id.* at 3; *see* ECF Nos. 64-2, 64-3, 64-4 (July 7, 2026, supplemental responses).

In Reply, Defendant asserts Plaintiffs' second supplemental responses do not cure all of the defects but fails to specify which responses are still defective.  ECF No. 66 at 2.  It does state that the Bates ranges remain vague and "unhelpful" to determine what documents are responsive to which requests, citing to Con El's production for its supplemental response to RFP No. 3.  *Id.* Defendant asserts that many of the referenced 2,019 pages, like Susca's production, do not relate to Con El's property, and the documents related to Con El's property are non-responsive to RFP No. 3.  *Id.* at 2-3.

III.    **APPLICABLE LAW**

Unless otherwise stipulated or ordered, Rule 34(b)(2)(E)(i) requires a party responding to a Rule 34 request to produce documents or electronically stored information as "kept in the usual course of business" or "organize[d] and label[led] to correspond to the categories in the request." The rule contemplates that party "make the requested production in traditional format, organized

---

[1] *See also* ECF No. 64-1 ¶¶ 3-4, 8-9 (Plaintiffs' current CFO declaring that, prior to her joining them on July 22, 2025, they did not have "any organized document retention system as it related to the property" and the documents "were stored and commingled together in boxes").

to associate the documents with the party's requests to which they respond, [but] at the responding party's option[,] it alternatively permits the production of responding documents within [that party's] possession, custody or control as they are customarily maintained . . . ."[2] The rule is meant to prevent parties from "hiding 'a need in a haystack'" and to "minimize the costs associated with discovery."[3] Rule 34(b)(2)(E)(i) thus prohibits a party "producing documents in an unorganized dump" of "key documents" commingled "with unrelated material" requiring the other party to laboriously comb through the documents to find what he requested.[4]

Which of the two prescribed methods the responding party employs is his decision,[5] but should he opt to produce documents as "kept in the usual course of business," he bears the burden of demonstrating that production is in fact consistent with the rule's mandate.[6] Mere assertions of consistency do not suffice.[7] Competent evidence is required from the responding party for the court to assess for compliance.[8] Courts typically require that a party purporting to provide documents as kept in the ordinary course of business provide "'some modicum of information' regarding its filing system, 'which would ideally include the identity of the custodian or person from whom the documents were obtained, assurance that the documents have been produced in

---

[2] *Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 333-34 (N.D.N.Y. 2008).

[3] *United States v. Bollinger Shipyards, Inc.*, No. 12-920, 2015 WL 13529562, at *3 (E.D. La. Apr. 13, 2015) (Vance, J.) (quoting *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wisc. 2004)); *see also S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 409 (S.D.N.Y. 2009) ("The Advisory Committee Note states that the purpose of this new rule language added in 1980—was to eliminate the practice of 'deliberately [mixing] critical documents with others in the hope of obscuring significance.'" (quoting FED. R. CIV. P. 34(b) advisory committee's note to 1980 amendment)).

[4] *Dodd v. Hendrickson USA, LLC*, 349 F.R.D. 286, 299 (W.D. Ky. 2025).

[5] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018); *Pass & Seymour*, 255 F.R.D. at 334.

[6] *Bollinger Shipyards*, 2015 WL 13529562, at *3 (citing *Mizner Grand Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 700 (S.D. Fla. 2010)); *Pass & Seymour*, 255 F.R.D. at 334.

[7] *Chilly Dil Consulting, Inc. v. JetPay ISO Servs., LLC*, No. 14-2749, 2015 WL 13469921, at *3 (N.D. Tex. Dec. 21, 2015) (citing *Johnson v. Kraft Foods N. Am.*, 236 F.R.D. 535, 540-41 (D. Kan. 2006); *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005) (both holding that the mere assertion that documents were produced as kept in the ordinary course of business is insufficient to fulfill the requirements of the governing rule)); *CooperVision, Inc. v. Ciba Vision Corp.*, No. 06-149, 2007 WL 2264848, at *5 (E.D. Tex. Aug. 6, 2007).

[8] *Lopez*, 327 F.R.D. at 578 (citing *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 249-51 (N.D. Tex. 2016)).

the order in which they are maintained, and a general description of the filing system from which they were recovered.'"[9]

Of course, Rule 34(b)(2)(E)(i)'s allowance for production in accordance with a party's usual maintenance of records supposes that there is an actual system for maintaining the records, not some "haphazard fashion."[10]  When a party's record-keeping system is "so deficient as to undermine the useful of the production," the responding party cannot invoke the usual course of business option.[11]  Rule 34 requires parties to produce documents in a useable manner, so the rule's usual course of business option is limited to circumstances where the producing party actually employs a discernible filing or organizational system.[12]

Thus, Rule 34(b)(2)(E)(i) requires, regardless of the method employed, that the producing party turn over the documents in an organized, comprehensible arrangement—either by specifically indexing each document to the request to which it was responsive, or by delivering the documents in the business's ordinary filing system or other organizational structure that is intact and useable by the requesting party.[13]  The responding party should only produce those documents responsive to the requests,[14] as he is obliged to "*to select and produce the items requested* rather than simply dumping large quantities of unrequested materials onto" the requesting party.[15]

---

[9] *Bollinger Shipyards*, 2015 WL 13529562, at *4 (quoting *Mizner Grand Condo.*, 270 F.R.D. at 701 (quoting *Pass & Seymour*, 255 F.R.D. at 337)).

[10] *Id.* (quoting *Collins & Aikman*, 256 F.R.D. at 411).

[11] *Id.* at *3 (quoting *Mizner Grand Condo.*, 270 F.R.D. at 700 (citing *Pass & Seymour*, 255 F.R.D. at 336 n.2)).

[12] *Id.* at *4 (citing cases).

[13] *Id.* at *3 (quoting *Anderson Living Tr. v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 522 (D.N.M. 2014)).

[14] *Breaux v. Haliburton Energy Servs.*, No. 04-1636, 2006 WL 8442584, at *2 (E.D. La. Oct. 27, 2006) (citing *In re Thomas Consol. Indus.*, No. 04-6185, 2005 WL 3776322 (N.D. Ill. May 19, 2005)); *accord. Dodd*, 349 F.R.D. at 299 ("[Rule 34(b)(2)(E)(i)] prevents parties from producing documents in an unorganized dump while commingling key documents with unrelated material. Such a discovery tactic is unresponsive and improper under the Federal Rules." (citing *Stooksbury v. Ross*, 528 F. App'x 547, 553 (6th Cir. 2013))).

[15] *Breaux*, 2006 WL 8442584, at *2 (emphasis added) (quoting 8 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2213 (2d ed.)); *Synventive Molding Sols., Inc. v. Husky Injection Molding Sys., Inc.*, 262 F.R.D. 365, 370 (D. Vt. 2009) (quoting same).

## IV.    ANALYSIS

Plaintiffs' description of their maintenance system establishes that the usual course of business option is not available to them in this case.  Their CFO declares none of them "had any organized document retention system" related to the Insured Properties when she joined, and their current "system" yields production that is prohibited, i.e., a document dump of a mix of responsive and non-responsive documents.  ECF No. 64-1 ¶¶ 8-10 ("Documents were stored and commingled together in boxes. We provided our attorneys documents as they were kept.").  The fact that Plaintiffs regularly store their documents in an unorganized manner in their normal course of business does not mean that their production of documents in that manner satisfies Rule 34.[16]  For that reason, because their "system" yields a document dump onto Defendant leaving it unable to determine what document is responsive to each request, it is deficient.[17]

Plaintiffs' Bates labelling the documents to address their "system's" deficiency is a start,[18] but same is insufficient unless the responses identify, by Bates reference, which documents are responsive and relate to which requests.  Here, Plaintiffs are three separate entities owning three separate Insured Properties, and in responding to three separate sets of discovery request, Plaintiffs use labels that indicate the referenced documents relate to two of them at times.  *See, e.g.*, ECF No. 64-2 at 10, 14,16 (July 7, 2026, supplemental responses).

---

[16] *Mizner Grand Condo.*, 270 F.R.D. at 701 (citing *In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 351, 363 (N.D. Ill. 2005) (records sent to a storage facility were not used with regularity and were only kept in the "usual course of 'storage;'" since documents had no relation to day-to-day business operations, they were not organized in a useful manner)).

[17] *See Bollinger Shipyards*, 2015 WL 13529562, at *4 ("Rule 34 requires parties to produce documents in a useable manner, and the rule's usual course of business option is limited to circumstances where the producing party actually employs a discernible filing or organizational system." (citing *Armor Screen Corp. v. Storm Catcher, Inc.*, No. 07-81091, 2009 WL 291160, at *2 (S.D. Fla. Feb. 5, 2009) ("[A] party exercising Rule 34's option to produce records as they are kept in the usual course of business should organize the documents in such a manner that the requesting party may obtain, with reasonable effort, the documents responsive to their requests.")).

[18] *Id.* ("That the government provided Bollinger with an index that identifies, by bates range, the Coast Guard branch or unit from which the documents were taken does not cure the problem." (citing *Pass & Seymour*, 255 F.R.D. at 337 ("[Although] identifying the sources of documents produced by Bates number range . . . represents a step towards compliance with Rule 34(b)(2), it does not fully satisfy the rule.")).

Plaintiffs are thus required to organize and label their productions to correspond to each of Defendant's request.[19]   And while Rule 34 is not a vehicle for imposing unnecessary make-up work, when a party's response and production fails to comply with Rule 34, the Court must correct that error.  *See* FED. R. CIV. P. 34(b)(2)(E) ("*Unless otherwise . . . ordered by the court*, these procedures apply to producing documents . . . .") (emphasis added).  Plaintiffs must supplement their responses and production to Defendant's January 22, 2026, requests.  For the responses, each Plaintiff is required to use uniform Bates-range labeling that identifies only its documents and, of course, those labels must reference only responsive documents.  For the production, each Plaintiff must provide either an index or table of contents that identifies the Bates-range corresponding with each request.  There should be no duplication of documents.

## V.   **CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendant Burlington Insurance Company's  Motion to Compel (ECF No. 72) is **GRANTED** for the reasons stated herein.  Plaintiffs must supplement their responses and production as ordered herein within twenty-one (21) days of this Order & Reasons.

**IT IS FURTHER ORDERED** Defendant's request for reasonable expenses, including attorneys' fees, is **GRANTED**.  *See* FED R. CIV. P. 37(a)(3)(B)(iv), 5(A).  The parties are directed to confer as to a reasonable amount of fees and costs.  If the parties agree, then Plaintiffs shall pay that amount within 30 days.  If the parties do not agree, then Defendant must, no later than August 18, 2026, file a Motion for Fees and Costs pursuant to FED. R. CIV. P. 37(a)(5), which must attach supporting documentation for the requested amount (e.g., (a) an affidavit attesting to the attorney's education, background, skills and experience; (b) sufficient evidence of rates charged in similar

---

[19] *Lopez*, 327 F.R.D. at 578 (quoting *McKinney/Pearl*, 322 F.R.D. 235, 249-51).

cases by other local attorneys with similar experience, skill and reputation; and (c) a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed, as required by Local Rule 54.2).

New Orleans, Louisiana, this ___20th___ day of July, 2026.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE