UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CON EL, INC., ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-6402 |
| BURLINGTON INSURANCE COMPANY | * | SECTION "M" (2) |

**ORDER AND REASONS**

Pending before me is Defendant Burlington Insurance Company's Motion for Contempt and to Compel Compliance with Subpoena to Produce Records against non-party Integrity Claims Consultants, LLC, which is set for submission on August 12, 2026.  ECF No. 69.  Although Integrity Claims Consultants, LLC did not file an Opposition Memorandum, Plaintiffs filed a response indicating respondent is their testifying expert and belatedly delivered responsive documents, and Defendant filed a Reply.  ECF Nos. 71-72.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion for Contempt and to Compel Compliance with Subpoena to Produce Records is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.   BACKGROUND

Plaintiffs filed this Hurricane Ida suit against Burlington Insurance Company seeking contractual and extra-contractual damages for three commercial properties.  ECF No. 53. Defendant served an undated subpoena duces tecum on June 19, 2026, directed to public adjuster Integrity Claims Consultants, LLC ("ICC").  ECF No. 69-6.  The return does not indicate upon whom service was effected (*id*. at 2), but the Memorandum and service enclosure letter indicate same was directed to Integrity's registered agent Stevephen Lott.  ECF No. 69-5 at 1.

1

ICC failed to respond to the subpoena or file a response to the motion.  ECF No. 69-1 at 1-2.  Defendant argues its motion should be granted, both under Rule 45 and Rule 26 as Plaintiffs identified ICC as their testifying expert.  *Id.* at 4-6.

Plaintiffs filed a response indicating that ICC will be their testifying expert, ICC's failure to respond timely was inadvertent, ICC subsequently produced its file, and ICC's expert report and all Rule 26 materials will be produced in accordance with the expert deadline in the Scheduling Order.  ECF No. 71 at 1-4.  Plaintiffs argue that sanctions are not appropriate.  *Id.*  at 3-4.  Trial is scheduled for December 7, 2026, Plaintiffs' expert report deadline is August 10, 2026, and the discovery deadline is November 6, 2026.  ECF No. 59.

In Reply, Defendant asserts that ICC's delinquent production is incomplete, it has not certified that it has produced all responsive documents, it has not identified any privileged documents, it has not issued written objections in response to the subpoena, and has not sought a protective order or moved to quash.  ECF No. 72 at 1-2.  Further, Defendant argues that Plaintiffs do not have standing to object to the subpoena on ICC's behalf, and reliance on expert disclosure deadlines is improper.  *Id.* at 3.

## II.    APPLICABLE LAW

### A.    Standard for Discovery

Courts have broad discretion in discovery matters.[1]  Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain in discovery "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  In assessing proportionality, the court should consider the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

[1] *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 367 (5th Cir. 2009) (quoting *Scott v. Monsanto, Co.*, 868 F.2d 786, 793 (5th Cir. 1989)).

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  FED. R. CIV. P. 26(b)(1).

Rule 26(b) is not, however, "a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[2]  While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[3]  Thus, while the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[4] discovery does have "ultimate and necessary boundaries."[5]  Rule 26 instructs the court to limit the extent of discovery if the proposed discovery is outside the scope allowed under Rule 26(b)(1).  FED. R. CIV. P. 26(b)(2)(C)(iii).

## B.  Rule 45 Subpoena

Discovery is obtained from parties in accordance with Rules 26-37 of the Federal Rules of Civil Procedure and from non-parties pursuant to Rule 45.  Rule 45 provides additional protections to non-parties.  Specifically, the party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  FED. R. CIV. P. 45(d)(1).  And, although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26.[6]

"Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of

---

[2] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (citation omitted).
[3] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); *see also Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 311 (E.D. La. 2020) (Morgan J.) (quoting *Crosby*, 647 F.3d at 264).
[4] *Herbert v. Lando*, 441 U.S. 153, 176 (1979) (citations omitted).
[5] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[6] *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999), *aff'd*, 209 F.3d 719 (5th Cir. 2000).

Rule 45."[7]   A subpoena may be quashed or modified if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  FED. R. CIV. P. 45(d)(3)(A).

## C. **Discovery From Experts**

Initially, courts diverge over whether a party may use a Rule 45 subpoena to obtain production of more than that required to be produced under  Rule 26(b)(4).[8]  Regardless, certain items are protected from disclosure by Rule 26.  Indeed, Rule 26(b)(4) provides special rules governing experts, with different rules depending on whether the retained or specially employed expert is a testifying and non-testifying expert.[9]

For testifying experts, Rule 26(b)(4) mandates certain categories of information be shielded from discovery.  Specifically, a party may not obtain draft reports or disclosures of testifying experts nor communications between testifying experts required to provide a report under Rule 26(a)(2)(B) and the party's attorneys unless the communication relates to compensation, facts or data provided and considered by the expert in forming his opinion, or assumptions provided by counsel and relied upon by the expert in forming his opinion.[10]  A witness does not forfeit their

---

[7] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing FED. R. CIV. P. 45(d)(3); 26(c)(1)(D)), *aff'd*, No. 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016).

[8] *Compare D'Souza v. Marmaxx Operating Corp.*, No. 15-256, 2017 WL 1322243, at *5 (W.D. Tex. Apr. 7, 2017) (permitting discovery of documents and information not enumerated in Rule 26(a)(2)(B) provided same has a close nexus to the items enumerated therein and fall within the bounds of Rule 26(b)), *with Seahorn Invs., L.L.C. v. Fed. Ins. Co.*, No. 13-320, 2015 WL 12912341, at *2 (S.D. Miss. Apr. 8, 2015) (limiting discovery to that falling within Rule 26(b)(4).

[9] Before the 2010 amendments to Rule 26, courts generally required "disclosure of all documents, including attorney opinion work product, given to testifying experts." *Davita Healthcare Partners, Inc. v. United States*, 128 Fed. Cl. 584, 588 (Fed. Cl. 2016) (citations omitted).  The undesirable effects of impeding the efficient interaction and communication between counsel and experts led to the 2010 change in the Federal Rules that created an express but limited work-product protection for collaborative interactions between counsel and testifying experts.  *Id.* at 588-89 (citations omitted).

[10] FED. R. CIV. P. 26(b)(4)(B)-(C).  Rule 26(b)(4) also precludes discovery into facts known or opinions held by a non-testifying expert.  *Id.* at 26(b)(4)(D).

4

status as experts merely because they learned "facts" in the course of their investigation in addition to developing expert opinions.[11]

### D. **Invocation of Privilege**

A party withholding information based on privilege or work product "***must*** (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A) (emphasis added). The use of the word "must" indicates that production of a privilege log, including the detail specified by Rule 26(b)(5)(A)(i) and (ii), is mandatory. The "privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[12] It "should not only identify the date, the author, and all recipients of each document listed therein, but should also 'describe the document's subject matter, purpose for its production, and specific explanation of why the document is privileged or immune from discovery.'"[13] The party asserting privilege bears the burden of proof sufficient to substantiate its claims.[14]

When faced with an inadequate privilege log, the court may: (1) permit the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege;

---

[11] *Costal Towing, Inc. v. Novarco, Ltd.*, No. 98-492, 1999 WL 970357, at \*1 (E.D. La. Oct. 21, 1999) (citing *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34, 42 (S.D.N.Y. 1997)).

[12] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (quoting *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); and citing *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'") (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993))).

[13] *See Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at \*3 (M.D. La. 2008) (quoting *Jones v. Hamilton Cnty. Sheriff's Dep't*, No. 02-808, 2003 WL 21383332, at \*4 (S.D. Ind. 2003); and citing *Compaq Comput. Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995))).

[14] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) (citing *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001)); *see Hodges v. United States*, 768 F.2d 719, 721 (5th Cir. 1985).

(3) conduct an *in camera* inspection of the withheld documents; or (4) conduct an *in camera* inspection of a select sample of the withheld documents.[15]  Most courts take a flexible approach, particularly when there is an insufficient privilege log but no evidence of bad faith, finding waiver only for flagrant or willful failures.[16]  The court should not undertake a review of numerous withheld documents without any meaningful justification[17] nor should it conduct an *in camera* review merely because a party requests it.[18]  Only when there is a sufficient evidentiary showing that an issue exists regarding the application of a privilege must the court utilize its discretion to determine whether *in camera* review is appropriate under the circumstances presented.[19]

### E.   Standing

Absent a personal right or privilege with respect to the subpoenaed materials, a party generally does not have standing to quash a subpoena duces tecum issued to a third party because the party is not in possession of the materials subpoenaed.[20]  Further, a party "cannot challenge a Rule 45 subpoena directed to a third party on the basis that . . . the subpoena is overly broad, or

---

[15] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, No. 10-684, 2014 WL 12660120, at *4 (M.D. La. Jan. 14, 2014) (quoting *NLRB v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 307-08 (D.D.C. 2009)).

[16] *Id.* (citing *United States v. Brit. Am. Tobacco (Invs.) Ltd.*, 387 F.3d 884, 890-91 (D.C. Cir. 2004); *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 381-82 (S.D. Ind. 2009) (foot-dragging and failure to comply with court's order showed willfulness and bad faith); *Muro v. Target Corp.*, 250 F.R.D. 350, 365 (N.D. Ill. 2007), *aff'd*, 580 F.3d 485 (7th Cir. 2009)).

[17] *See United States v. Zolin*, 491 U.S. 554, 571 (1989) ("[W]e cannot ignore the burdens *in camera* review places upon the district courts, which may well be required to evaluate large evidentiary records without open adversarial guidance by the parties."); *Smith v. Shelter Mut. Ins. Co.*, No. 15-357, 2018 WL 1278429, at *2 (M.D. La. Mar. 12, 2018) (refusing to review 139 withheld documents as it "would constitute a great and unnecessary expenditure of judicial resources").

[18] *Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 21 (N.D. Tex. 2021) (citations omitted).

[19] *Id.* at 21 (quoting *Jani-King Franchising, Inc. v. Jani-King (GB) Ltd.*, No. 13-4136, 2015 WL 12916409, at *1 (N.D. Tex. Feb. 6, 2015); and citing *BDO USA, L.L.P.*, 876 F.3d at 697 n.4 ("Given the serious nature of Bower's allegations through her affidavit and the lack of a countering affidavit from the party claiming privilege, we note that in camera review will likely be necessary."); *King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713, 721 (5th Cir. 2011)).

[20] *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (citations omitted) (ruling movants lacked standing because they were not in possession of the materials subpoenaed and had no personal right or privilege in the materials subpoenaed); *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45." (citation omitted)); *Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) ("[I]n order to challenge the subpoena, the movant must be: in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena." (citations omitted)).

6

that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."[21]   Although a party does not have standing under Rule 45 to challenge burden or relevance in the absence of a personal right or privilege with respect to the materials subpoenaed, a party does have standing to challenge relevance under Rule 26(c).[22]

## III.   ANALYSIS

Initially, courts have recognized that a party has limited standing to object to a subpoena directed to its testifying expert, particularly when same implicates privilege discussions.[23]   Thus, Plaintiffs have standing to address these issues raised herein.   Further, ICC appears to have produced some documents (though Defendant contends the document production is incomplete), and Plaintiffs represent ICC will produce the remaining responsive documents within the expert report deadline.   At this point, Plaintiffs' expert deadline has passed.   As such, all documents within the scope of Rule 26(a)(2) and (b)(4) should have been produced.

Defendant seeks an order compelling production of all documents responsive to Item Nos. 1-7, 10, 14, 17, 21, 24-29.   ECF No. 72 at 1-2; *see* ECF No. 96-5 at 6-9.   While courts diverge over whether a party may use a Rule 45 subpoena to obtain production of more than that required to be produced under  Rule 26(b)(4), some of the subpoenaed items for which Defendant seeks an order requiring production clearly fall within those specifically protected from discovery by Rule

---

[21] *Salmon v. Waffle House, Inc.*, No. 19-1349, 2020 WL 6708382, at *2 (E.D. La. Nov. 16, 2020) (citing *Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012)).
[22] *Bounds*, 314 F.R.D. at 218 ("Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena." (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005))).
[23] *See Louisiana Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 501-02 (E.D. La. 2023); *Abraham v. Shelter Mut. Ins. Co.*, No. 20-3060, 2021 WL 4645018, at *2 (E.D. La. Oct. 7, 2021); *see also Tewari De-Ox Sys., Inc. v. Mountain States/Rosen LLC*, No. 08-190, 2013 WL 12234284, at *1 (W.D. Tex. Mar. 20, 2013); *Butcher v. Allstate Ins. Co.*, No. 06-423, 2008 WL 4965288, at *1 (S.D. Miss. Nov. 18, 2008).

7

26(b)(4)(B)-(C).  For instance, Item No. 1 calls for "[A]ll documents, communications, writings or other materials furnished to You, obtained by You, or prepared by You pertaining to Plaintiffs and/or the Properties."  ECF No. 69-5 at 7.  As drafted, Item No. 1 would require production of communications with Plaintiffs' counsel as well as draft reports.  However, draft reports and communications with counsel are specifically protected from discovery.  Item Nos. 2, 3, 10, 14 and 29 (first numbered 29) similarly suffer from the same overbreadth defect insofar as same purport to call for production of expert materials, communications or documents specifically protected from discovery.  *See id.* at 8-9.  The subpoena as to these items is thus modified to exclude from production any communications between Plaintiffs' counsel and ICC, or its assistants,[24] that do not fall into a listed exception under Rule 26(b)(4)(B) & (C).

To the extent Defendant seeks information as to employees of ICC that are designated to testify as an expert at trial, ICC must respond to Item No. 21, No. 24, and No. 25 for the last four (not six) years and No. 26 for the last four (not ten) years, as that information falls within Rule 26(a)(2).  As to other ICC employees or other reports, however, the requests are entirely irrelevant to any claim or defense in this case and thus falls outside the scope of Rule 26.  The subpoena must be modified.  To the extent the Items relate to non-testifying employees ICC, ICC need not respond to Item Nos. 25, 26, 27, or 28 at all.

Item Nos. 4, 5, and 17 are overbroad and improper, except to the extent that they seek information relating to ICC's compensation for its study or testimony in this case.  *See* ECF No. 69-5 at 8; FED. R. CIV. P. 26(a)(2)(vi), 26(b)(4)(C)(i).  Item Nos. 6 and 7 are proper only to the extent the expert relied upon same in forming the options to be expressed. *See* ECF No. 69-5 at 8.

---

[24] FED. R. CIV. P. 26(b)(4) advisory committee's notes to 2010 ("Protected 'communications' include those between the party's attorney and assistants of the expert witness.").

Thus, Item Nos. 6 and 7 are modified to require production of only those documents within the scope of Rules 26(a)(2)(ii) and 26(b)(4)(C)(ii).

In addition, ICC has failed to produce a privilege log identifying any responsive documents withheld based on privilege.  To the extent any responsive documents have been withheld based on privilege, ICC must deliver a proper privilege log.

## IV.    **CONCLUSION**

If it has not already, ICC must produce documents responsive as specified herein and deliver a proper privilege log identifying any responsive document withheld from production. Defendant is directed to review ICC's production.  If Defendant believes any requested document not protected by Rule 26 has not been produced, it must conduct a proper Rule 37 conference before filing a new motion to compel directed to any remaining issues.  Accordingly,

IT IS ORDERED that Defendant Burlington Insurance Company's Motion for Contempt and to Compel Compliance with Subpoena to Produce Records against non-party Integrity Claims Consultants, LLC is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that, within 14 days, Integrity Claims Consultants, LLC supplement its production, if necessary, and produce a proper privilege log identifying any responsive documents withheld based on privilege.

Dated this __12th__ day of August, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

9